FILED
2024 MAY 29 PM 4:26
CLERK
U.S. DISTRICT COURT

**DANIEL SMITH**
1413 Kanab Ct
SAINT GEORGE, UT 84790
(435) 251-0359 PHONE
skypiratedan@gmail.com

*Plaintiffs Acting Pro-Se*

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

SOUTHERN DIVISION

| | |
|---|---|
| DANIEL SMITH<br><br>*Plaintiffs*,<br><br>-*v*-<br><br>ANDRE CHARLES BRAZZLE, individually, and in his official capacities as Washington County Utah Constable, and as employees; ANDRE CHARLES BRAZZLE OF Brazzle Constable Service, LLC., a Utah Company; the COUNTY OF WASHINGTON, a governmental entity, and DOES 1-20, whose identities are currently unknown,<br><br>*Defendants*. | **CIVIL RIGHTS COMPLAINT**<br><br>Civil № Case: 4:24-cv-00047<br>        Assigned To : Kohler, Paul<br>Judge  Assign. Date : 05/29/2024<br>        Description: Smith v. Brazzle et al |

Plaintiff Daniel Smith ("Smith"), pro se, hereby submit this *Complaint* under the First, Fourth, Fifth, Sixth and Fourteenth amendments of the United States Constitution and 42 U.S.C. §§ 1983, 1985, 1986 and 1988 against Defendant Andre Charles Brazzle an individual, and in his official capacity acting as Washington County Constable Andre Brazzle, ("Brazzle"), and the County of Washington, Utah ("Washington County"), and assert the following allegations:

**<u>PRELIMINARY STATEMENT</u>**

The following allegations are based on the undersigned's understanding of information presently known. This is a civil rights action in which Plaintiff Smith seeks relief for Defendants' violations of his rights as guaranteed by the United States Constitution, specifically, the First,

Fourth, Fifth, Sixth, and Fourteenth Amendments, which are further secured by the Civil Rights Act of 1871, codified as 42 U.S.C. §§ 1983, 1985, 1986 and 1988. Smith also seeks relief for fraud against Defendants Brazzle and Brazzle Constable Service, LLC, under Utah common law.

On December 17, 2022, a resident of Washington County, Utah, Abigail Sepos filed a small claims complaint in Washington County Small Claims Court Cause No. 218700252, concerning a dispute over a rental deposit. Abigail Sepos employed Defendant Brazzle to serve the summons and affidavit upon Smith. Defendant Brazzle never served upon smith the summons and affidavit issued by Washington County Small Claims Court in Case No. 218700252.

Defendant Brazzle knowingly perpetrated fraud against Smith and the Small Claims Court by filing an untruthful *Affidavit of Service* dated May 8, 2022, stating he had served Smith in accordance with the Utah Rules of Civil Procedure, when Brazzle had not served the affidavit and summons upon Plaintiff Smith.

The plain and foreseeable outcome of the untruthful *Affidavit of Service* dated May 8, 2022, was that Smith was completely unaware of any complaint filed against him and had no knowledge that a court date had been set in Case No. 218700252. When Smith did not attend the trial, a *Default Judgment* was entered against him.

Smith only became aware of the existence of the *Default Judgment* on May 23, 2022, when he received a notice in the mail of the judgment against him. Smith immediately filed a *Motion to Dismiss Default Judgment* on grounds that he had not been properly served and knew nothing about the summons and affidavit in Case No. 218700252. In response to this motion, Defendant Brazzle wrote a letter to the small claims court on official stationary addressed to Judge Randall and dated May 30, 2022, attempting to explain the untruthful statements made in the *Affidavit of Service*. This letter contained a number of untruthful statements apparently designed to deceive the court, and further to intentionally violate Smith's due process right to notice and an opportunity to be heard. As a direct result of Brazzle's knowing and fraudulent filing of the *Affidavit of Service*, Smith suffered violations of his civil rights. Furthermore, it is believed that Washington County has long know that Brazzle has falsified numerous returns of

service while acting as its agent, and the county knew or should have known Brazzle was unfit for this official position, yet the county has done nothing to remedy these legal and unconstitutional violations.

This action seeks to hold Defendants Brazzle, Brazzle Constable Service, LLC, and Washington County, to their legal and moral obligations to make amends for Brazzle's unconstitutional, despicable, and fraudulent conduct.

## JURY TRIAL DEMAND

Plaintiff demands a trial by jury on each and every claim pleaded herein.

## PARTIES

1. Plaintiff Daniel Smith ("Smith"), is an individual and citizen of the United States and was a resident of Washington County, Utah, at the time of the events giving rise to this action.

2. At all relevant times, Defendant Andre Charles Brazzle ("Brazzle") was an individual and a POST-certified special function law enforcement officer, employed and contracted through his eponymous limited liability company as the Washington County Constable, and was acting in the course and scope of his official duties under the color of law.

3. At all relevant times, Defendant Brazzle Constable Service, LLC., a Utah limited liability company, was the alter ego of Defendant Brazzle, and the provider of constable services for Washington County, and acted in that capacity under the color of law.

4. At all relevant times, the County of Washington is a political subdivision of the State of Utah.

5. Smith is suing Defendant Andre Charles Brazzle in his individual and official capacities.

6. Smith is also suing Defendant Andre Charles Brazzle as an agent and principal of Brazzle Constable Service, LLC., a Utah limited liability Company, and as an agent of Washington County acting under color of law.

## JURISDICTION AND VENUE

7. This action arises under the First, Fourth, Fifth, Sixth and Fourteenth amendments of the United States Constitution and 42 U.S.C. §§ 1983, 1985, 1986 and 1988. Accordingly, the Court has jurisdiction under 28 U.S.C. §§ 1331 and 1343.

8. The claims made in this Complaint occurred and arose in Washington County, State of Utah. Accordingly, venue is proper under 28 U.S.C. § 1391.

## GENERAL ALLEGATIONS

9. Plaintiff Daniel Smith ("Smith") is a native resident of Utah, a father, a husband, an airplane pilot, and a landlord.

10. One of Smith's former tenants, Abigail Sepos ("Sepos") filed a complaint by affidavit in Washington County Small Claims Court (the "Small Claims Court") on December 17, 2021, Case No. 218700252, and a summons was issued by the Small Claims Court on that day.

11. Defendant Andre Charles Brazzle ("Brazzle"), stated under oath that he received the Small Claims Court affidavit and summons for service on December 17, 2021, at 1:01 p.m.

12. On February 4, 2022, Brazzle called the Small Claims Court to ask the trial date be moved and the court set a new trial date for March 30, 2022; Sepos did not appear for this hearing.

13. On March 2, 2022, Brazzle again asked the Small Claims Court to set a new date for trial, claiming he had "just found the Defendant"; the Court set another trial for April 6, 2022. Again, Sepos did not appear for this hearing.

4

14. On March 2, 2022, Smith had a one-and-a-half-minute conversation with Brazzle by telephone. In this call, Brazzle told Smith he was an officer in Washington County and that he had some papers for Smith. Smith asked what kind of papers, and Brazzle would not give an answer. Smith was very ill at this time and had been out of work for over two months. Smith never had any agreement to meet Defendant Brazzle on that day.

15. On March 3, 2022, Brazzle phoned Smith again, and he left a voice message lasting three minutes on Smith's voicemail service. Smith has a complete true and accurate copy of this three-minute long voice message. Brazzle never spoke with Smith on March 3, 2022.

16. On March 28, 2022, Brazzle again asked the Small Claims Court for a new trial date stating "he has been unable to serve the Defendant." The court set a new trial date for May 11, 2022. Again, Sepos did not appear for this hearing.

17. On May 9, 2022, Brazzle filed an *Affidavit of Service* with the Small Claims Court, stating under oath that a copy of the small claims affidavit and summons was left at Smith's residence, 1413 Kanab Cir, Saint George, Utah on April 8, 2022, at 12:44 p.m. This *Affidavit of Service* contained many materially untruthful statements.

18. In the May 9, 2022, *Affidavit of Service*, Brazzle stated under oath that "I Constable Brazzle made contact with the Defendant Danny Smith around 04-08-22 at 435-251-0359. I identified myself to Danny Smith as Constable Brazzle and informed him of the legal documents I had for him. I then told Danny I would like to meet up with him for service. I then asked Danny did he reside at 1413 Kanab Cir in Saint George. Danny stated yes, and informed me he had a second home but will be at the above residence in a [sic] hour. Danny then said he would call me back when he was at his residence. I then told Danny I would head toward his address. I was not able to make contact with Danny at the above address he told [sic] he was going to be at. There was no answer at the door, and Danny Smith failed to answer his phone when I called. Danny never called me like he stated he was going to do. The documents were flagged as a Refusal

because of the following actions by Danny Smith, who a reasonable person would believe [sic]. Danny Smith was attempting to avoid service- refusing service. In Conclusion: 1. Danny Smith stated that he would meet me for service and never showed up. 2. Danny Smith never called me like he said he would, when he go to 1413 Kanab Cir in Saint George. 3. Danny Smith failed to answer my calls after he failed to meet with me or call me. A copy of the documents was left at the residence. It should also be noted the Plaintiff stated that the defendant does not reside at 1413 Kanab Cir like he stated to me. I Constable Brazzle respectfully ask the court to deem this service good. The new court date of 5-11-22 was put on the documents. Fees $46.84".

19.   None of the statements made by Brazzle contained in the above paragraph are truthful. Brazzle admitted in a letter to the Small Claims Court on May 30, 2022, that he had have no contact with Plaintiff Smith in April 2022. In Brazzle's own statement to the court "The defendants [sic] states he did not speak with me anytime in April. This statement is true, but the defendant knows he had contact with me. I Constable Brazzle am not perfect, and have made lots of mistakes as as [sic] a Constable, and will make many more, but I'm not dishonest and always takes [sic] responsibility for my actions." Brazzle admitted he had no contact with Smith at any time in April 2022, therefore every detail in the May 9, 2022, *Affidavit of Service*, filed by Brazzle under oath with the Small Claims Court, was false, and was signed by the Defendant Brazzle under oath.

20.   On May 11, 2022, a trial was nonetheless held in Case No. 218700252 and the Small Claims Court entered a default judgment against Smith.

21.   On May 26, 2022, Smith filed a motion to dismiss the default judgment on grounds that he had not been properly served and knew nothing about the affidavit and summons in Case No. 218700252.

22.   Brazzle's sworn statement on May 30, 2022, to the Small Claims Court contains more untruthful statements written by Brazzle to attempt to deceive the court again.

23. On June 8, 2022, Smith filed a motion to set aside the default judgment and dismiss Case No. 218700252. On the same date, the Small Claims Court granted Smith's motion to set aside the default judgment and set a new trial date of August 10, 2022.

24. On August 10, 2022, the Small Claims Court held another trial and again entered a default judgment against Smith, despite Smith never having been served, and never having been served within the statutory 120-day period.

25. As a result of Defendants' actions, Smith suffered violations of his rights under the Fourth, Fifth, Sixth and Fourteenth amendments to the United States Constitution, and he is entitled to declaratory relief, injunctive relief restraining Defendants from acting similarly in the future, all special and general damages resulting as a direct and proximate result of Defendants' violations of the Smith's rights under the Fourth, Fifth, Sixth and Fourteenth amendments of the United States Constitution, costs of litigation, attorney's fees, and all other relief the Court deems just and equitable.

**FIRST CAUSE OF ACTION**
**DEPRIVATION OF DUE PROCESS**
(Under 42 U.S.C. § 1983 in violation of the Fifth and Fourteenth Amendments against Defendants Andre Charles Brazzle, individually, and in his official capacities as Washington County Utah Constable, and as employees; Andre Charles Brazzle of Brazzle Constable Service, LLC., a Utah Company; the County of Washington, a governmental entity.

26. Smith incorporates by reference and restates all preceding allegations.

27. Brazzle did knowingly and fraudulently, filed with clerk of the Washington County Clerk of Small Claims Court an untruthful *Affidavit of Service*.

28. Utah Code and the Utah Constitution require that when a plaintiff causes a complaint to be filed and a court action is commenced, and a true and accurate copy of the complaint, be served upon the Defendant, and a truthful return of service be made under oath is received into the court record, stating that the service was made legally under the Utah Rules of Civil

Procedure, it is only then, after legal service occurs does the defendant come under the jurisdiction of the Court. This is a cornerstone of the entire legal system and due process.

29. The untruthful *Affidavit of Service* returned to the court by Brazzle stated " I, Constable Andre Bazzle a Law enforcement officer, being Duly Sworn, deposed and say; I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized by law to make service of the documents and informed said person of the contents herein…"

30. Brazzle never made legal service upon the plaintiff Smith, under the Utah Rules of Civil, Rule 4 (D) (1)(A) Upon any individual other than one covered by paragraphs (d)(1)(B), (d)(1)(C) or (d)(1)(D), by delivering a copy of the summons and complaint to the individual personally, or by leaving them at the individual's dwelling house or usual place of abode with a person of suitable age and discretion who resides there, or by delivering them to an agent authorized by appointment or by law to receive process;

31. Brazzle did not serve this complaint upon Smith, in any of the legally prescribed methods, and did not leave a copy of the documents at the residence of Plaintiff smith at 12:44 p.m. on April 8, 2022.

32. Brazzle further violated Utah Rules of Civil Procedure in that the complaint must have been served within 120 days of issuance, which was December 17, 2012.

33. Brazzle knew that by not serving the complaint upon Smith, and knowingly and fraudulently, filing with clerk of the Washington County Clerk of Small Claims Court an untruthful *Affidavit of Service*, stating that he had, would cause and did cause a default judgment against Smith and thus deprive Smith of his Civil Right of Due Process.

34. Defendants Brazzle Constable Service, LLC., a Utah Company; the County of Washington, a governmental entity, in having received past accusations of Brazzle of the exact

nature, failed to act in investigating these similar acts, and take appropriate action that would have prevented the violation of Plaintiff smith's civil rights.

35. Accordingly, Mr. Smith requests relief in the form of a declaration that Defendants violated Mr. Smith's rights under the Fifth & Fourteenth amendments; all damages directly and proximately resulting from these Defendants' violations of Mr. Smith's articulated rights; costs; attorney's fees; punitive damages; and all other relief the Court deems just and equitable.

### SECOND CAUSE OF ACTION
### FRAUD
(Under 42 U.S.C. § 1983 in violation of the First, Fourth, Fifth, and Fourteenth Amendments against Defendant Andre Charles Brazzle individually, and as an agent and principal of Brazzle Constable Service, LLC., a Utah limited liability company

36. Smith incorporates by reference and restates all preceding allegations.

37. Brazzle by knowingly and fraudulently, filing with clerk of the Washington County Clerk of Small Claims Court an untruthful *Affidavit of Service*, met each and every element of fraud: "The elements of a fraud claim include the following: (1) a representation; (2) concerning a presently existing material fact; (3) which was false; (4) which the represent or either (a) knew to be false, or (b) made recklessly, knowing that he had insufficient knowledge upon which to base such representation; (5) for the purpose of inducing the other party to act upon it; (6) that the other party, acting reasonably and in ignorance of its falsity; (7) did in fact rely upon it; (8) and was thereby induced to act; (9) to his injury and damage." Dugan v. Jones, 615 P.2d 1239, 1246 (Utah 1980).

38. Smith requests relief in the form of a declaration that Defendants Brazzle and Brazzle Constable Service, LLC, violated Smith's rights by perpetrating a fraud upon Smith and the Small Claims Court Of Washington County, under Utah common law. All damages directly and proximately resulting from these Defendants' violations of Smith's rights, including costs, punitive damages, attorney's fees, and all other relief the Court deems just and equitable.

### THIRD CAUSE OF ACTION
### MAKING FALSE STATEMENT

(Under 42 U.S.C. § 1983 in violation of the Fourth & Fourteenth Amendments against Defendant ANDRE CHARLES BRAZZLE, in his official capacities as Washington County Utah Constable

39. Plaintiffs incorporate by reference and restate all preceding allegations.

40. As clearly stated above on May 9, 2022 Defendant Brazzle filed an AFFIDAVIT OF SERVICE, with the Washington County Small Claims Court, stating under oath, numerous untruthful statements.

41. Brazzle under oath statement may on May 9, 2022 that "I Constable Brazzle made contact with the Defendant Danny Smith around 04-08-22 at 435-251-0359. Is completely untruthful.

42. Brazzle under oath statement may on May 9, 2022 that "I identified myself to Danny Smith as Constable Brazzle and informed him of legal documents I had for him." Is completely untruthful.

43. Brazzle under oath statement may on May 9, 2022 that " I them told Danny I would like to meet up with him for service." Is completely untruthful.

44. Brazzle under oath statement may on May 9, 2022 that " I then asked Danny did he reside at 1413 Kanab Cir in Saint George. Danny stated yes, and informed me he had a second home but will be at the above residence in a hour." Is completely untruthful.

45. Brazzle under oath statement may on May 9, 2022 that " Danny then said he would call me back when he was at his residence. I then told Danny I would head toward his address. I was not able to make contact with Danny at the above address he told he was going to be at." Is completely untruthful.

46. Brazzle under oath statement may on May 9, 2022 that "There was no answer at the door, and Danny Smith failed to answer his phone when I called." Is completely untruthful.

47. Brazzle under oath statement may on May 9, 2022 that " Danny never called me like he stated he was going to do. The documents were flagged as refusal because of the following actions by Danny Smith, who a reasonable person would believe. Danny Smith was attempting to avoid service-refusing service." Is completely untruthful.

48. Brazzle under oath statement may on May 9, 2022 that " In Conclusion: 1. Danny Smith stated that he would meet me for service and never showed up. 2. Danny Smith never called me like he said he would. When he go to 1413 Kanab cir in Saint George. 3. Danny Smith failed to answer my calls after he failed to meet with me or call me." Is completely untruthful

49. Brazzle under oath statement may on May 9, 2022 that " A copy of the documents was left at the residence. It should also be noted the Plaintiff stated that the defendant does not reside at 1413 Kanab Cir like he stated to me. I Constable Brazzle respectfully ask the court to deem this service good. The new court date of 5-12-22 was put on the documents." Is completely untruthful.

50. All of the statements made by Brazzle in his AFFIDAVIT OF SERVICE dated May 8, 2024 , in the above paragraph 40 through 49, are all untruthful, Brazzle in his letter to the judge Randall of the small claims court of Washington County dated May 30, 2022.

51. Brazzle admitted in a letter to the Judge Aaron Randall on May 30, 2022, stating that he had have no contact with Plaintiff Smith in the entire month of April 2022, by Brazzle own statement to the court that all statements contained in the above paragraph 40 through 49 could not be truthful.

52. Brazzle informed judge Randall of the small claims court of Washington County in his letter dated May 30, 2022, that " The Defendant States he did not speak with me anytime in April. This statement is True, but the defendant knows he had contact with me. I Constable Brazzle am not perfect, and have made lots of mistakes as a Constable, and will make many

more, but I'm not dishonest and always takes responsibility for my actions." Defendant Brazzle admits he had no contact with Plaintiff Smith in any day in April 2022, therefore almost every detail in the May 9, 2022 AFFIDAVIT OF SERVICE, filed by Brazzle with the Washington County Small Claims Court is completely untruthful.

53. Brazzle AFFIDAVIT OF SERVICE, filed by with the Washington County Small Claims Court was a complete False Statement which was filed with the intent to deceive the court and to violate the rights of the Smith.

54. In Brazzle letter written on Official Constable of Washington County stationary to judge Randall of the small claims court of Washington County dated May 30, 2022, was a complete False Statement which again was filed to deceive the court and was done intentionally to violate the rights of the Plaintiff Smith

55. Accordingly, Defendant Smith request relief in the form of a declaration that Defendants violated Smith's rights under the Fourth and Fourteenth amendments; all damages directly and proximately resulting from these Defendants' violations of Plaintiff Smith's rights; costs; attorney's fees; punitive damages; and all other relief the Court deems just and equitable.

### FOURTH CAUSE OF ACTION
### CONSPIRACY TO DEPRIVE CIVIL RIGHTS
(Under 42 U.S.C. §§ 1985 and 1986 in violation of the,Fourth, Fifth, Sixth & Fourteenth Amendments against Defendants ANDRE CHARLES BRAZZLE individually, and as agents of Brazzle Constable Service, LLC., a Utah Company, the COUNTY OF WASHINGTON, a governmental entity

56. Plaintiffs incorporate by reference and restate all preceding allegations.

57. Upon information and belief, in violation of 42 U.S.C. § 1985(2), these Defendants conspired for the purpose of impeding, hindering, obstructing, or defeating the due course of justice, in the concealment of a Complaint and summons, which was to be lawfully served upon Smith.

58. Upon information and belief, in violation of 42 U.S.C. § 1986, these Defendants had the knowledge and opportunity to intervene to prevent the deprivation of Plaintiff Smith's constitutional rights.

59. Accordingly, Smith request relief in the form of a declaration that Defendants violated Plaintiff Smith rights under the Fourth, Fifth, Sixth & Fourteenth amendments; all damages directly and proximately resulting from these Defendants' violations of Smith's rights; costs; attorney's fees; punitive damages; and all other relief the Court deems just and equitable.

### FIFTH CAUSE OF ACTION
### FAILURE TO SUPERVISE
(Under 42 U.S.C. §§ 1985 and 1986 in violation of the First, Fourth, Fifth, Sixth & Fourteenth Amendments against Defendants Brazzle Constable Service, LLC., a Utah Company; the COUNTY OF WASHINGTON, a governmental entity,

60. Plaintiffs incorporate by reference and restate all preceding allegations.

61. Brazzle Constable Service, LLC., a Utah Company; the COUNTY OF WASHINGTON, a governmental entity, in having received past accusations of Brazzle of the exact nature, failed to act in investigating these similar acts, and take appropriate action that would have prevented the violation of smith's civil rights.

62. Upon information and belief, in violation of 42 U.S.C. § 1985(2), these Defendants conspired for the purpose of impeding, hindering, obstructing, or defeating the due course of justice.

### REQUEST FOR RELIEF

WHEREFORE, Daniel Smith request this Court enter judgment against Defendants as follows:

1. A declaration that Defendants' conduct violated Smiths' rights under the United States Constitution and under 42 U.S.C. §§ 1983, 1985, and 1986;

2. General, special, and consequential damages in an amount to be determined at trial, including for violation of Plaintiffs' constitutional rights, pain and suffering, humiliation, terror, emotional distress, medical expenses, lost employment profits, etc.;

3. Punitive damages on all claims allowed by law, in an amount to be determined at trial;

4. Reasonable attorney fees and the costs of litigation under 42 U.S.C. § 1988; and

5. All other relief this Court deems just and equitable.

RESPECTFULLY SUBMITTED on this 29 th day of May 2024.

Daniel Smith
*Plaintiff acting Pro-Se*