THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| DANIEL SMITH,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>ANDRE CHARLES BRAZZLE et al.,<br><br>　　　　　Defendant. | **MEMORANDUM DECISION AND ORDER ADOPTING REPORT AND RECOMMENDATION**<br><br>Case No. 4:24-cv-00047-DN-PK<br><br>District Judge David Nuffer<br>Magistrate Judge Paul Kohler |

The Report and Recommendation ("R & R") issued by United States Magistrate Judge Paul Kohler on September 23, 2024,[1] considered three Motions to Dismiss. Two motions to dismiss the complaint were filed by Defendant Washington County[2] and Defendants Sepos and Salisbury.[3] Plaintiff Daniel Smith ("Plaintiff") moved to dismiss the counterclaim.[4] Judge Kohler recommended that the Motion filed by Washington County be granted; that the Motion filed by Sepos and Salisbury be granted except for the request for attorney fees by Sepos and Salisbury; and that the Motion filed by Smith for dismissal of the counterclaim be denied without prejudice.

The parties were notified of their right to file objections to the R & R within 14 days of its service pursuant to 28 U.S.C. § 636 and Fed. R. Civ. P. 72.[5] On October 9, 2024, Plaintiff

---

[1] Report and Recommendation ("R & R"), docket no. 54, filed September 23, 2024.

[2] Defendant Washington County's Motion to Dismiss for Lack of Jurisdiction, docket no. 33, filed July 11, 2024.

[3] Defendants John Thomas Salisbury, Abigail Sepos's Motion to Dismiss for Failure to State a Claim, docket no. 38, filed July 26, 2024.

[4] Plaintiff-Counter Defendant Daniel Smith's Motion to Dismiss Counterclaim (Dkt. No. 32) for Failure to State a Claim, docket no. 35, filed July 16, 2024.

[5] R & R at 18.

Smith filed an objection to Judge Kohler's R & R which Smith objected to the dismissal of three of his claims and requested a de novo hearing ("Objection").[6] Defendants Sepos and Salibury did not file an objection to Judge Kohler's denial of attorney's fees.

De novo review has been completed of those portions of the report, proposed findings, and recommendations to which objection was made, including the record that was before the Magistrate Judge and the reasoning set forth in the Report and Recommendation.[7] As explained below, the R & R is ADOPTED; Washington County's Motion to Dismiss is GRANTED; Defendants Sepos and Salisbury's Motion is GRANTED in part and DENIED in part; and Plaintiff's Motion is DENIED without prejudice.

## STANDARD OF REVIEW

Under 28 U.S.C. § 636(b)(1)(C), when a party files an objection to an R & R, the district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. [The district judge] may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."[8] Apart from timely objections, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."[9]

## ANALYSIS

In the Amended Complaint,[10] Smith alleges six causes of action:

(1) deprivation of due process by Andre Charles Brazzle (in his individual capacity, official capacity with Washington County, and official capacity with Brazzle Constable Service, LLC) and Brazzle Constable Service, LLC;

---

[6] Plaintiff Daniel Smith's Objection to Magistrate's Report and Recommendation and Request for Review De Novo ("Objection"), docket no. 58, filed October 9, 2024.

[7] 28 U.S.C. § 636(b); DUCivR 72-2.

[8] 28 U.S.C. § 636(b)(1)(C).

[9] Fed. R. Civ. P. 72, Advisory Committee Notes.

[10] Amended Complaint, docket no. 25, filed June 20, 2024.

    (2) retaliation against protected first amendment conduct by Andre Charles Brazzle (in his individual capacity, official capacity with Washington County, and official capacity with Brazzle Constable Service, LLC), Washington County, and Brazzle Constable Service, LLC;

    (3) conspiracy to deprive civil rights by Andre Charles Brazzle (in his individual capacity, official capacity with Washington County, and official capacity with Brazzle Constable Service, LLC), Brazzle Constable Service, LLC, Abigail Sepos, and Thomas Salisbusy;

    (4) abuse of process by Andre Charles Brazzle (in his individual capacity, official capacity with Washington County, and official capacity with Brazzle Constable Service, LLC), Brazzle Constable Service, LLC, Abigail Sepos, and Thomas Salisbusy;

    (5) intentional or negligent infliction of emotional distress by Andre Charles Brazzle (in his individual capacity, official capacity with Washington County, and official capacity with Brazzle Constable Service, LLC), Brazzle Constable Service, LLC, Abigail Sepos, and Thomas Salisbusy; and

    (6) a *Monell* Claim against Washington County.

On August 23, 2024, Smith filed an Opposition to Sepos and Salisbury's Motion to Dismiss ("Opposition"), in which Smith concedes that his third cause of action "fatally fails to allege class-based animus to establish a § 1985 action."[11] In the Objection, Smith only raises objections to the dismissal of his first, fourth, and fifth causes of action.[12] Smith did not object to the recommendation to dismiss his second and sixth causes of action or to deny his motion to dismiss.

Because Smith raised no objection to dismissal of the second, third, and sixth causes of actions, or to denial of his motion to dismiss the counterclaim, de novo review is not necessary and the Report and Recommendation on those points is ADOPTED. De novo review has been completed on the rulings on the first, fourth, and fifth causes of action and is discussed below.

---

[11] [Smith's] Memorandum in Opposition to Defendant Sepos and Defendant Salisbury's Motion to Dismiss ("Smith's Opposition") at 1, docket no. 52, filed August 23, 2024.

[12] Objection at 1, 3, and 4.

## Smith's Due Process Claim is Properly Dismissed

Smith's first cause of action alleges that he "never received a summons and affidavit in the lower court proceedings thus he was deprived of notice and a meaningful opportunity to be heard, fundamentals of procedural due process."[13] After review of the state court record, Judge Kohler determined that Smith was afforded adequate due process because he was able to set aside the default judgment and have the judgment of the small claims court reviewed de novo.[14] Judge Kohler recommended dismissal on two grounds: (1) a § 1983 action is not the proper "vehicle for a collateral attack on a final state court judgment";[15] and (2) Smith submitted himself to the jurisdiction of the state court when he filed to set aside the default judgment.[16] Smith objects, citing new case law to be considered on de novo review.

Smith's Objection disagrees with Judge Kohler's focus on the procedural history of the state court case. Smith cites legal precedent that holds that a lack of service is a deprivation of due process.[17] Upon de novo review, Smith asks for a refocusing on state law precedent which states that effective service of process confers jurisdiction upon a court.[18] However, the R & R does not conflict with the precedent cited by Plaintiff. The R & R concludes that Smith "submitted himself to the jurisdiction of the state court" when he moved to set aside the default judgment.[19] This distinguishes all the precedent Smith cites. That precedent does not hold that service of process cannot be waived by active participation in a case.

---

[13] *Id*. at 1.

[14] R & R at 5.

[15] *Id*. at 5 (quoting *Brown v. DeLayo*, 498 F.2d 1173, 1175 (10th Cir. 1974)).

[16] *Id*.

[17] Objection at 1-3.

[18] *Id*. at 2 (quoting *Murdock v. Blake*, 26 Utah 2d 22, 26 (1971)).

[19] R & R at 5.

Even if Smith's argument were correct, the Objection fails to address the R & R's first basis for dismissal: that Plaintiff cannot use this § 1983 action to attack the state court judgment.[20] Judge Kohler followed the Tenth Circuit's holding in *Brown v. DeLayo*.[21] As a published Tenth Circuit case *Brown* is binding precedent. The test that the Tenth Circuit set out in *Brown* is "whether a litigant has had a 'full and fair opportunity for judicial resolution' of the issue."[22] Smith's objection makes no mention of Tenth Circuit's holding in *Brown*.[23] Therefore, as Judge Kohler noted, because Smith was able to set aside the default judgment of the small claims court and get a de novo review, he has had a full and fair opportunity to be heard on this issue and "may not relitigate the issue in federal court."[24]

Therefore, the analysis and conclusion of the Magistrate Judge as to the first cause of action are accepted as supplemented with the analysis in this decision. On this point, the R & R is ADOPTED.

**Smith's Abuse of Process Claim is Properly Dismissed**

Smith's fourth cause of action alleges that Brazzle's falsification of the affidavit of service was an abuse of process.[25] Specifically, Plaintiff alleges that Sepos, Salisbury and Brazzle nefariously acted "to obtain a default judgment far in excess of that which was warranted, to execute against Smith's real property for 'pennies on the dollar,' and to receive payment far in excess of that approved by Utah Code to serve process."[26] In support of this

---

[20] *Id*.

[21] *Id*. (*citing Brown v. DeLayo*, 498 F.2d 1173, 1175 (10th Cir. 1974)).

[22] *Brown*, 498 F.2d at 1175.

[23] Objection at 1-3.

[24] *Brown*, 498 F.2d at 1176.

[25] Smith's Opposition at 3.

[26] *Id*. (*quoting* Amended Complaint at 17).

5

position he cites *Hatch v. Davis*.[27] After reviewing *Hatch*, Judge Kohler determined that Smith failed to properly allege an abuse of process claim and recommended dismissal.[28] Smith objects, now asking for de novo review.

The R & R concludes that Smith failed to show the second element of an abuse of process claim - that "a wilful act in the use of the process [which is] not proper in the regular conduct of the proceedings."[29] Citing *Hatch,* the R & R notes that this wilful act must be "independent of the legal process itself" and show an "improper purpose."[30] However, Judge Kohler determined that the submission of an affidavit, false or otherwise, is done "in the regular course of legal proceedings" and therefore not independent of the legal process.[31] As Smith points to no extrajudicial independent act that could sustain the abuse of process claim, Judge Kohler recommended dismissal.

Smith's Objection to Judge Kohler's recommendation is rooted in *Hatch* and Utah Code § 78B-8-304(1).[32] A review of *Hatch* shows that Judge Kohler's reading of the statute was not erroneous. In *Hatch*, the Supreme Court of Utah stated:

> Use of legal process with a bad motive alone "does not defeat that right;" a corroborating act of a nature other than legal process is also necessary . . . [i]t is this corroborating act that permits true legal process to be branded "a perversion of the process."[33]

---

[27] Objection at 3 (*citing Hatch v. Davis*, 2006 UT 44, ¶ 39, 147 P.3d 383).

[28] R & R at 11-12 (*citing Hatch,* 2006 UT 44, ¶ 39).

[29] *Id*. at 11.

[30] *Id*. (*citing Hatch,* 2006 UT 44, ¶ 39.)

[31] *Id*. at 12.

[32] Objection at 3.

[33] *Hatch*, 2006 UT 44, ¶ 38 (*citing Young v. Motor City Apartments Ltd. Dividend Hous. Ass'n*, 350 N.W.2d 790, 796 (1984)).

The R & R is consistent with this holding. After stating that the filing of an affidavit is part of the normal legal process, Judge Kohler noted that while Smith alleges a plot amongst Defendants to obtain a judgment against him, nowhere does he allege a "wilful act" outside of the legal process to support his alleged conspiracy among Defendants.[34] Therefore, Judge Kohler's recommendation is consistent with *Hatch*.

Utah Code § 78B-8-304(1) states that "[i]t is a class A misdemeanor for a person serving process to falsify a return of service."[35] The Objection is the first time that Smith has argued this statute as part of the abuse of process claim. Smith cites no case law applying this section of the Utah Code in support of an abuse of process claim. This code section does not classify falsification of an affidavit as an extrajudicial independent act to bring this case within the holding in *Hatch*. So, Section 78B-8-304(1) is not sufficient grounds to find that the R & R was contrary to law.[36]

Therefore, the analysis and conclusion of the Magistrate Judge as to the fourth cause of action are accepted and supplemented with the analysis in this decision and the R & R is ADOPTED.

### Smith's Infliction of Emotion Distress Claim is Properly Dismissed.

Smith's fifth cause of action alleges that the lack of service and resulting default judgments in the state case was either an intentional or negligent infliction of emotional distress.[37] Specifically, he alleges that the falsification of an affidavit of service "which resulted in two default judgments against Smith and an ultimate judgment for half the amount of the

---

[34] R & R at 12.

[35] Utah Code § 78B-8-304(1)

[36] Fed. R. Civ. P. 72(a).

[37] Smith's Objection at 4.

default judgments . . . caused Smith severe emotional distress over the course of the proceedings, not the filing of a lawsuit."[38] Judge Kohler recommended that under either tortious theory, the fifth cause of action should be dismissed.[39] Smith now objects, asking for de novo review.

The R & R stated that in Utah an improper lawsuit filing "is not redressable by a cause of action for intentional infliction of emotional distress."[40] Judge Kohler reasoned that because Plaintiff's intentional infliction of emotional distress (IIED) claim rests solely on a conspiracy that Sepos, Salisbury, and Brazzle presented a false affidavit in order to get a default judgment, "Plaintiff's claims related to Sepos filing suit and the alleged false affidavit of service are insufficient to state a claim for IIED."[41]

Smith relies on the same facts as the IIED theory to support the negligent infliction of emotional distress (NIED) theory of the fifth claim. Judge Kohler noted that in Utah abusive litigation "without more" tends to fail under an NIED theory.[42] This is because Utah follows Section 313 of the Restatement (Second) of Torts. Section 313 requires a plaintiff to show that a defendant realized their conduct created an "unreasonable risk of causing distress" and should have realized the distress "might result in illness or bodily harm."[43] Comparing the facts to the law, Judge Kohler determined Smith did not meet his burden of pleading and recommended dismissal.

---

[38] *Id*.

[39] R & R at 12.

[40] R & R at 14, n.55 (*quoting Anderson Dev. Co. v. Tobias*, 2005 UT 36, ¶ 55, 116 P.2d 323) (internal citations omitted).

[41] *Id*. at 14.

[42] *Id*.

[43] *Id*.

Smith submits a two-sentence objection presenting no new facts, case law, or other material. This is not sufficient to specifically show that the Magistrate's recommendation was "clearly erroneous or . . . contrary to law."[44] Therefore, the analysis and conclusion of the Magistrate Judge are accepted and supplemented with the analysis in this decision and R & R is ADOPTED.

## ORDER

IT IS HEREBY ORDERED that the Report and Recommendation[45] is ADOPTED, Washington County's Motion to Dismiss is GRANTED, Defendants Sepos and Salisbury's Motion is GRANTED in part and DENIED in part, and Plaintiff's Motion is DENIED without prejudice.

IT IS FURTHER ORDERED that the following claims are DISMISSED:

a. Plaintiff's third and sixth claims against all defendants;

b. Plaintiff's first and second claims against Washington County;

c. Plaintiff's fourth and fifth claims against Defendants Sepos and Salisbury;

d. Sepos and Salisbury's request for attorney's fees;

The effect of this order is that all claims against defendants Abigail Sepos, Thomas Salisbury, and Washington County are DISMISSED.

Signed June 25, 2025.

BY THE COURT

_____
David Nuffer
United States District Judge

---

[44] Fed. R. Civ. P. 72(a).

[45] R & R.